In the Matter of JOHN C. CUNNINGHAM, an Attorney, Respondent.

First Department, November 3, 1933.

*Mark W. Maclay* of counsel [*Einar Chrystie*, attorney], for the petitioner.

*Charles V. Scanlan*, for the respondent.

FINCH, P. J.   The respondent was admitted to practice as an attorney and counselor at law in the State of New York on July 2, 1926, at a term of the Appellate Division of the Supreme Court of the State of New York, First Department.   By the petition herein he is charged with professional misconduct, as follows:

In 1929, John Snyder, a laborer, retained the respondent to collect damages in his behalf for personal injuries suffered in an accident. Thereafter respondent negotiated a settlement of the claim and on or about May 24, 1929, he collected the sum of $550 in full settlement thereof.   It was agreed between Snyder and the respondent that the latter was entitled to $135 for his services in negotiating the settlement.   The respondent converted his client's share of the money collected.   Some three years later and after the respondent had received notice that a complaint had been filed against him with the Association of the Bar and that the matter would be investigated, Snyder received a check drawn by Evelyn A. Cunningham, the mother of the respondent, for Snyder's share of the money collected.   The respondent subsequently appeared before the committee on grievances of the Bar Association and falsely stated that Snyder had authorized him to use the money collected.

The respondent answered, admitting the facts, and urging in mitigation that his statements before the committee on grievances were not intentionally false but were due to illness and the overwrought condition of the respondent at the time.

The matter was referred to a referee to take testimony with respect to the charge, and report the same to this court, together with his opinion thereon.   The learned referee has duly reported that nowhere in his testimony does the respondent deny the fact of conversion, but that he had considered the money had been loaned him by Snyder.   In this connection the referee has found no evidence to support the claim of a loan.   Upon the contrary, the evidence clearly shows that the respondent used the money of his client without authority, and thereafter sought and obtained from his client time in which to make good the amount converted. It appears, in mitigation, that there was no concealment of the collection.   The referee further has reported that the impression made upon him by the respondent at the hearings leads to the conclusion that any falsehood upon the part of the respondent

at the hearing before the grievance committee was not premeditated but due to his highly nervous condition at the time, partly on account of illness and partly due to the shock of facing such a charge.

This is a most unfortunate case, as the respondent is a young attorney and has borne an excellent reputation. It is only the obvious to restate that no seemingly compelling personal need can justify using the money of another. Nor is it an answer that this was done with the expectation of making good the amount.

In view of the mitigating circumstances present, the respondent is suspended from practice for six months, with leave to apply for reinstatement upon the expiration of that period, upon proof of compliance with the terms to be incorporated in the order.

MERRELL, MARTIN and TOWNLEY, JJ., concur.

Respondent suspended for six months.